IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

DAVID CODREA, OWEN MONROE, SCOTT HEUMAN,
   Plaintiffs-Appellants,

v.

MERRICK B. GARLAND, Attorney General, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,
   Defendants-Appellees.

No. 21-1707

**JOINT RESPONSE TO COURT'S NOVEMBER 16, 2022 ORDER AND REQUEST FOR CONTINUED ABEYANCE**

Pursuant to the Court's November 16, 2022 order, the parties respectfully submit this filing to "inform this court how they believe this appeal should proceed." The parties hereby notify the Court that the D.C. Circuit Court of Appeals denied rehearing en banc in *Guedes v. ATF*, No. 21-5045 (D.C. Cir.) and subsequently issued the mandate on May 10, 2023.

1. This appeal involves a challenge to a 2018 Department of Justice rule stating that devices known as "bump stocks" qualify as machineguns under Federal law. Plaintiffs filed suit in the United States District Court for the District of Columbia, asserting a Little Tucker Act takings claim, along with various Administrative Procedure Act (APA) and non-takings constitutional law claims. Plaintiffs' suit was heard in the district court alongside another case, *Guedes v. ATF*, that raised the same

substantive challenges to the Rule, but did not include a Little Tucker Act claim. Multiple other cases challenging the Rule have been heard in other circuits, including, as relevant here, *Gun Owners of America, Inc. v. Garland*, 19 F.4th 890 (6th Cir. 2021) (en banc), and *Aposhian v. Barr*, 958 F.3d 969, 982 (10th Cir.), *reinstated on reh'g*, 989 F.3d 890 (10th Cir. 2021). In both of those cases, the plaintiffs sought writs of certiorari from the Supreme Court.

    2. This appeal was initially placed in abeyance while this Court considered the takings claim in a different case. In *McCutchen v. United States*, this Court held that the rule at issue did not effect a compensable taking. 14 F.4th 1355, 1365-70 (Fed. Cir. 2021), *pet. for cert. pending*, No. 22-25 (U.S. July 5, 2022). After this Court's issuance of the mandate in *McCutchen*, this Court sought the views of the parties and then extended the abeyance until "the earlier of the following two events: (1) the Supreme Court's disposition of the petitions [for writ of certiorari] in *Aposhian* and *Gun Owners* or (2) the D.C. Circuit's issuance of mandate in *Guedes*." Order of March 22, 2022, at 2. Upon the occurrence of one of those events, the parties were "directed to inform this court how they believe this appeal should proceed within seven days." *Id.* On October 3, 2022, the Supreme Court denied the petitions for writ of certiorari in both *Aposhian* and *Gun Owners*. __ S. Ct. __, 2022 WL 4651301, 2022 WL 4651284 (Oct. 3, 2022).

    3. The parties then agreed that a continued abeyance in this case was appropriate pending the D.C. Circuit's issuance of the mandate in *Guedes*. The D.C.

Circuit issued its opinion in *Guedes* on August 9, 2022. *Guedes v. ATF*, 45 F.4th 306 (D.C. Cir. 2022). The plaintiffs then filed a petition for rehearing en banc, which the D.C. Circuit denied. *Guedes v. ATF*, No. 21-5045, 2023 U.S. App. LEXIS 10628 (D.C. Cir. May 2, 2023). On May 10, 2023, the D.C. Circuit issued the mandate.

4. Since the parties' last update to this Court, other circuit courts have issued opinions finding the bumpstock rule to be invalid. *See Cargill v. Garland*, 57 F.4th 447 (5th Cir. 2023) (en banc) and *Hardin v. BATFE*, No. 20-6380, 2023 U.S. App. LEXIS 9938 (6th Cir. Apr. 25, 2023).

5. The United States in *Cargill* has already petitioned the United States Supreme Court for a writ of certiorari, *see Merrick B. Garland, Attorney General, et al.*, v. *Michael Cargill*, No. 22-976,[1] to which a response from the Respondent is due on June 7, 2023. The time for the government to seek further review by rehearing or certiorari in *Hardin* has not yet run.

6. Given the circuit split on the rule and the pendency of a petition for certiorari on the central merits question presented in this appeal, a further abeyance is warranted while the Supreme Court considers the government's petition in *Cargill*. A continued abeyance would conserve the resources of the Court and the parties, given that a decision from the Supreme Court would directly control the outcome here.

---

[1] A link to the petition can be found here:
https://www.supremecourt.gov/DocketPDF/22/22-976/263014/20230406221131265_Garland%20v.%20Cargill%20petition.pdf.

7. As such, the parties believe that the best course of action is to continue the abeyance of this appeal pending resolution of *Merrick B. Garland, Attorney General, et al., v. Michael Cargill*, No. 22-976, currently on petition for writ of certiorari in the Supreme Court of the United States.

## CONCLUSION

This Court should continue the abeyance in this appeal pending resolution of *Merrick B. Garland, Attorney General, et al., v. Michael Cargill*, No. 22-976.

Respectfully submitted,

/s/ *Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA 92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

MARK B. STERN
MICHAEL S. RAAB
ABBY C. WRIGHT

/s/ *Brad Hinshelwood (w/ permission)*
BRAD HINSHELWOOD
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7256*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-7823*
  *bradley.a.hinshelwood@usdoj.gov*

MAY 2023

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh